Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael D. Murphy
Letitia A. Sikes
Assistant United States Attorneys
402 E. Yakima Avenue, Suite 210
Yakima, Washington  98901
(509)  454-4425

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:23-CR-02026-SAB |
| Plaintiff, | PLAINTIFF'S SENTENCING |
| vs. | MEMORANDUM |
| DAVID ROGER FRANKLIN, | |
| Defendant. | |

The United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Michael D. Murphy and Letitia A. Sikes, Assistant United States Attorneys, submits the following Sentencing Memorandum.

On October 21, 2024 Defendant pled guilty in open court to five counts charged in the Indictment filed May 16, 2023. ECF 1, 67. (Indictment, Change of Plea Minutes). He has thereby been convicted of three counts of Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e), one count of

Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1), (b)(1) and one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). ECF 68, 78 (Statement of Defendant on Plea of Guilty, Draft PSIR).

## I.    BASE OFFENSE LEVEL AND ENHANCEMENTS

The draft PSIR provides for a total offense level of 43 for the five counts after calculating the applicable enhancements and crediting a three level decrease for acceptance of responsibility. ECF 78, ¶¶ 41-70. Further, Defendant has a criminal history category of I, based upon a criminal history score of 0. *Id.* at ¶ 76. The guideline sentence of incarceration is 1,560 months (130 years) to be followed by no less than 5 years and up to lifetime of supervised release. *Id.* at ¶ 147. The minimum sentence Defendant may be sentenced to is 15 years (180 months). *Id.* The United States agrees with the offense calculations in the Draft PSIR.

## II.    DEPARTURES AND OBJECTIONS

The United States does not seek any departure in this matter although it is recommending a variance from the guideline sentence. The draft PSIR awards Defendant a two level reduction for acceptance of responsibility and then calculates a third level of downward adjustment for acceptance of responsibility on the basis that the Defendant's timely plea permitted the government to avoid trial preparation and permitted the Court to allocate its resources efficiently. ECF 78, ¶¶ 68, 69. This case proceeded until close to trial on more than one occasion, requiring the United

States to assemble exhibits and prepare an exhibit list (ECF 48), submit and argue motions in limine (ECF 49, 50), prepare and submit a trial brief (ECF 52), jury instructions (ECF 64) and a forfeiture brief and jury instructions (ECF 65). In addition, witnesses were subpoenaed and prepared for trial more than one time. Under the circumstances, Defendant's guilty plea did not permit the United States to avoid trial preparation. However, because the total offense level is calculated at 43 and the denial of a third level of downward adjustment would not change that result, the United States does not have any objection to ¶ 69 of the draft PSIR awarding Defendant a third level of reduction.

### III.    SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

Defendant is a sixty-eight year old businessman with some college education who has five children and thirteen grandchildren. ECF 78, ¶¶ 83, 86, 101. On June 21, 2022, a computer technician working on Defendant's laptop computer at his office discovered folders containing images and videos of child pornography. *Id.* at ¶ 13. Those images were recovered, following the execution of a search warrant by the FBI at Defendant's company, from Defendant's laptop and the Western Digital external drive to which that computer backed up. During review of images found on Defendant's computer, investigators noticed that some of the images were of a pre-pubescent girl pulling down her pants and underwear or having her pants and

underwear pulled down which were taken in 2021 with a Samsung device. The images were focused on the child's genitalia. Based upon information from those images and the computer, FBI agents obtained a second search warrant for Defendant's company offices as well as his home to look for additional electronic devices. These warrants were executed on October 19, 2022.

FBI agents determined that the images of the particular prepubescent child were taken with a Samsung Galaxy S7 cellular phone that was recovered in the search of Defendant's house. Those and additional images found on Defendant's devices were of a minor child to whom he had access through a family connection and were taken in a travel trailer Defendant had kept at a family location. Defendant took the images of a child between the ages of four and six years old. In a forensic interview and later, in response to questioning by her parents, the child related that Defendant told her that he had deleted images he took of her and that his taking of those images, as well as his sexual abuse of the child, would be their "little secret". ECF 78, ¶¶ 18, 22, 23. The child described Defendant attempting intercourse with her and encouraging her to perform sexual acts upon him. In addition to taking and storing images of the child whom he was sexually abusing, Defendant preserved some of the images of child pornography he had taken of the child by emailing them from his phone or computer, through a personal email account, to his work email account. *Id.* at ¶ 20.

Exhibit A depicts an image located in Defendant's phone of Defendant and the victim from the approximate time period of Counts 1 to 3 and taken in the travel

trailer. Exhibit B depicts an image located in Defendant's phone which Defendant took of himself in the bedroom area of the travel trailer. Of note is the pattern of the quilt on the bed in the image. Exhibit C depicts an image of the bedroom area of the travel trailer taken during the FBI search warrant executed on that vehicle, also depicting the same quilt on the bed as in Exhibit B.  Exhibit D is a redacted image located on Defendant's computer of Defendant pulling down the victim's pants and underwear as she lies on the quilt depicted in Exhibits B and C. Exhibit E is an image of the victim taken from a video provided by her family in which she is wearing the same jeans visible in Exhibit D. These Exhibits are submitted under seal to protect the identity of the victim. The United States submits that the images demonstrate some of the proof that would have been submitted at trial and also provide some illustration of how the Defendant took advantage of his position and the trust he was afforded in order to create pornography of and sexually assault a child.

Defendant has commented that his family is unable to look past the sin and love the sinner. ECF 78, ¶ 35. He described having time on his hands and contends that his review of images and engaging in chats on the internet began to degrade his mind and led him to attraction to his prepubescent relative. *Id.* In contrast with Defendant's expressed remorse as he faces sentencing after his actions have been discovered and prosecuted is his cheerful demeanor displayed in Exhibits A and B, taken during the time in which he was abusing the child while seeking and downloading images and videos of the sexual abuse of other children.

As noted, Defendant's sexual interest was not limited to the prepubescent child he used to produce child pornography images and sexually abused. Approximately 89 videos and 21 still images of child pornography were located on his computer, including images of adult males sexually penetrating pre-pubescent children. *Id.*

2. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.

The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). However, courts may not presume that a Guidelines sentence is reasonable and doing so is a procedural error. *Rita v. United States*, 551 U.S. 338, 351 (2007). Defendant's total offense level is 43, which for a person falling within Criminal History Category I results in a life sentence. However, the statutes of which Defendant stands convicted have a maximum term of imprisonment, if all counts are run consecutively, of 1,560 months or 130 years imprisonment. Thus, Defendant's Guideline sentence is 1,560 years imprisonment to be followed by five years to a lifetime of supervised release.

The United States recommends a downward variance from the Guideline sentence in recognition of the fact that Defendant's guilty plea allowed his family to avoid the stress of trial and, for some family members, the necessity of testifying. Although a Guideline sentence reflects the seriousness of the offense and would provide just punishment for Defendant's ongoing course of exploitation of children, both in person and through child pornography, a lesser sentence may be sufficient to

accomplish the same end. A sentence of 390 months incarceration, which is a 75% reduction from the Guideline sentence, should be sufficient to reflect the seriousness of the offense.

    3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

A sentence of 390 months incarceration is adequate to afford deterrence to criminal conduct. Such a sentence is generally consistent with sentences imposed for similar offenders in the last five years. ECF 78, p. 30. Further, the United States does not recommend a criminal fine given the length of the recommended sentence of incarceration and Defendant's current inability to pay.

    4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

A sentence of 390 months, particularly if followed by ten years of supervised release, should be adequate to protect the public from further crimes by Defendant.

    5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Under the circumstances of this offense, a custodial sentence would incorporate BoP programs such as sex offender treatment, which would be appropriate given the crimes committed here. Defendant does not appear to be in need of educational or vocational training, as he was president and co-owner of a successful company and has held positions in the construction industry, as a pastor, and as a chaplain in the Civil Air Patrol. *See* ECF 78, ¶¶ 101-102. A custodial sentence will permit him to

continue to receive medical care. *See id.*, ¶¶ 91-93. He does not require substance

abuse treatment. *See id.*, ¶¶ 97-99.

## IV.    GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of incarceration

of 390 months followed by a term of supervised release of ten years and no criminal

fine. Defendant must pay a $100 Special Penalty Assessment. Defendant appears to be

indigent for the purposes of the JVTA assessment. With respect to the AVAA

assessment of up to $50,000 for Counts 1-3, $35,000 for Count 4, and $17,000 for

Count 5, Defendant does not appear to have the current ability to pay and, if a

sentence of 390 months incarceration is imposed he is unlikely to meet any obligation

to pay in the future.  No requests for restitution have been received in this case.

DATED this 17th day of January, 2025.

VANESSA R. WALDREF
United States Attorney

s/Michael D. Murphy
MICHAEL D. MURPHY
LETITIA A. SIKES
Assistant United States Attorneys

# CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and a copy was emailed to the counsel of record in this case.

<u>s/ Michael D. Murphy</u>
Michael D. Murphy
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425
Fax:  (509) 249-3297